UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                              CASE NO: 21-11790-BKC-AJC
                                                                                      Chapter 7
**XIMELL LUCIA GUTIERREZ**
SSN: XXX-XX-3827

_____Debtor._____/

## TRUSTEE'S MOTION TO COMPEL
## TURNOVER OF NON-EXEMPT PROPERTY

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Ximell Lucia Gutierrez (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 541 and 542 of the Bankruptcy Code, files this Motion to Compel Debtor to Turnover Non-Exempt Property (the "Motion"), and in support thereof, states as follows:

1.      This case commenced with the filing of a voluntary Chapter 7 Petition by the Debtor, Ximell Lucia Gutierrez on February 25, 2021.  Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.      The Debtor's Schedule "B" lists a variety of personal property including, but not limited to, (a) 2008 Honda Civic SI with a scheduled value of $3,500.00 (the "Honda"); (b) 2014 Honda Accord with a scheduled value of $0.00 and an NADA retail value of $14,075.00[1] (the "Accord"); (c) 2018 Lexus IS with a scheduled value of $29,550.00[2]; (d) a Bob-Cat Mower Model 942297 with an Unknown scheduled value (the "Bobcat"); (e) various household goods, furnishings and electronics with a collective scheduled value of $1,479.99[3] (the "HHG"); (f) various clothing with a scheduled value of $240.00 (the "Clothing"); (g) various

---

[1] The Debtor asserts "bare legal title interest of the vehicle."

[2] The Debtor owns the vehicle jointly with a third party. There is a lien on this vehicle in the amount of $27,088.00.

[3] There is a lien on the HHG in the amount of $1,063.32.

jewelry with a scheduled value of $45.00 (the "Jewelry"); (h) cash with a scheduled value of $134.89 (the "Cash"); (i) Regions checking account #2238 with a scheduled value of $388.84 (the "Regions Account"); (j) a Capital One bank account ending in #7015 (the "Capital One Account"). Items (a) through (j) shall collectively be referred to as the "Scheduled Property." In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund"). The Scheduled Property and the Refund shall be collectively referred to as the ("Property").

3. The Debtor claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5. The Debtor disputes certain aspects of the Trustee's analysis.

6. The Trustee has been attempting to negotiate a global settlement with the Debtor for the valuation and repurchase of their non-exempt interest in the Scheduled Personal Property.

7. The Debtor has been unresponsive to the Trustee's proposal.

8. The Debtor's non-exempt interest in the Property is property of the estate pursuant to 11 U.S.C. §541 and subject to turnover.

9. The Debtor's failure to either: (a) repurchase her non-exempt interest in the Property; or (b) turn over her non-exempt interest in the Property to the Trustee is prejudicing the Trustee's administration of this Estate.

10. Accordingly, the Trustee seeks entry of an order compelling the Debtor to either: (a) immediately enter into a stipulation with the Trustee for the valuation and repurchase her non-exempt interest in the Property; or (b) immediately turn over the non-exempt portion of the Property to the Trustee.

CASE NO. 21-11790-BKC-AJC

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Ximell Lucia Gutierrez, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) directing the Debtor to either: (a) immediately enter into a stipulation with the Trustee for the valuation and repurchase her non-exempt interest in the Property; or (b) immediately turn over the non-exempt portion of the Property to the Trustee; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on July 12, 2021, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to the following:

Ximell Lucia Gutierrez
4050 NW 135 St., # 9-16
Opa Locka, FL 33054

Respectfully submitted,

/s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
Tabas & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
Ingraham Building
25 SE 2nd Ave, Suite 248
Miami, FL 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
Email: jtabas@tabassoloff.com

3